Case 8:24-cr-00001-DOC *SEALED*   Document 38   Filed 04/30/26   Page 1 of 1   Page
Request for Jurisdiction Transfer   ID #:197
Name of Offender: Don R Morris                                          April 28, 2026

| | | |
|---|---|---|
| **PROB 22**<br>(Rev.  01/24) | FILED BY____SW____D.C.<br><br>**Jun 9, 2026**<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - WPB | DOCKET NUMBER *(Tran. Court)*<br><br>0973 8:24CR00001-1 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)*<br>2026-TP-80010 Artau |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Central of California | Southern |
| Mr. Don R Morris<br><br>████████████████ | NAME OF SENTENCING JUDGE<br>David O. Carter | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>October 28, 2025 | TO<br>October 27, 2027 |

OFFENSE
18 U.S.C. § 1343

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)
Prosocial ties

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____CENTRAL_____ DISTRICT OF _____CALIFORNIA_____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction.   This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court. *

_____April 30, 2026_____                    *David O. Carter*
Date                                              United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____5/28/26_____                    *Artau*
Effective Date                        United States District Judge

**F I L E D**
CLERK, U.S. DISTRICT COURT

01/09/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:24-cr-00001-FWS |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud] |
| DON R. MORRIS, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant DON R. MORRIS was the Chief Revenue Officer and Director of Strategic Accounts of Take 5 Media Group LLC ("Take 5").  Take 5 purported to be one of the nation's largest consumer data owners and a provider of email marketing services. Take 5 was located in Boca Raton, Florida and had additional offices in New York City, Atlanta, and Israel.

2.   Take 5 purportedly owned a database that included millions of deliverable, double opt-in email addresses.  Take 5 advertised that it had the in-house capability of delivering ads through these valuable email addresses to targeted audiences. Based on the purportedly successful email campaigns, Take 5 would report favorable clickthrough rates to clients.

3.   Advantage Solutions Inc. ("Advantage") provided, among other things, marketing services for manufacturing and retail businesses.  Headquartered in Irvine, California, Advantage had offices throughout the United States and Canada and maintained a platform in select markets throughout Africa, Asia, Australia, and Europe.

4.   On April 1, 2018, Advantage acquired Take 5 for approximately $81.6 million and mainly for its email marketing capability.

5.   On July 11, 2019, Advantage closed the Take 5 unit after Advantage discovered that Take 5 was misreporting email campaign results to its clients.

B.   THE SCHEME TO DEFRAUD

6.   Beginning in or around April 2018 and continuing to in or around June 2019, in Orange County, within the Central District of California, and elsewhere, defendant MORRIS, knowingly and with the intent to defraud, participated in a scheme to defraud and obtain money from Advantage's clients who purchased email marketing campaigns by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2

7.    In carrying out the scheme, defendant MORRIS engaged in the following fraudulent and deceptive acts, practices, and devices, among others:

a.    Defendant MORRIS negotiated contracts for a specific quantity and quality of emails that Take 5 promised to deploy in marketing campaigns for certain of Advantage's customers that defendant MORRIS worked on.  Take 5 represented that the emails being sold were part of their extensive database, and specifically tailored by audience to the marketing campaigns run by the customers.  These customers were then invoiced based upon the number of emails purportedly deployed by Take 5.  Defendant MORRIS received a commission for these campaigns.

b.    However, as defendant MORRIS came to learn during his employment with Take 5 and knew during the relevant time period, Take 5: (1) did not have anywhere near the capability in-house of deploying or delivering the nature or quantity of the emails that had been promised; and (2) did not deploy or deliver the number of emails ordered, billed, and reported to clients.

c.    In order to conceal that Take 5 did not deploy the quantity and quality of emails billed to Advantage's clients, Take 5's fulfillment team would supplement the email campaigns by third party vendors who provided clicks through various means, which included banners and/or email marketing not nearly the quality or quantity that was ordered and billed to clients.

3

d.   In fact, Take 5 sent customers tracking reports that were based on algorithms as opposed to actual statistics from their campaigns.  Take 5 often arbitrarily adjusted the tracking reports to purportedly show that the emails were actually deployed when they were not.

e.   Relying on the false representations above, Advantage's clients paid Take 5 for unfulfilled or only partially fulfilled campaigns that were not as ordered, represented, and billed.

8.   By participating in the fraudulent scheme, defendant MORRIS caused approximately eight of Advantage's customers to pay more than $1.5 million for services that were not received as ordered.

C.   THE USE OF AN INTERSTATE WIRE

9.   On or about January 14, 2019, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant MORRIS caused the transmission, by means of wire communication in interstate commerce, of $174,717.50 from Advantage's client Victim Business A, in New York, New York, to Advantage in

/ / /

/ / /

/ / /

4

Irvine, California, which was payment for a fraudulent email marketing campaign.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

5

**United States District Court**
**Central District of California**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | SA CR 24-00001-DOC *SEALED** |

**Defendant**  DON R. MORRIS

**Social Security No.**  5  3  2  6
(Last 4 digits)

akas:  True Name: Morris, Don Richard

## JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 10 | 28 | 2025 |

**COUNSEL**

Kelley Munoz, DFPD
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding / verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Wire Fraud in violation of 18:1343: as charged in the Single-Count Information.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **1 DAY (Credit for Time Served)**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Don R. Morris, is hereby committed on the Single-Count Information to the custody of the Bureau of Prisons for a term of **1 DAY with credit for time served**.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

USA vs.  DON R. MORRIS                                          Docket No.:   SA CR 24-00001-DOC *SEALED**

3.  The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4.  During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

6.  During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

8.  The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

9.  The defendant shall submit his person and property – including any residence, premises, vehicle, container, papers, effects, and computers, cellular telephones, and other electronic communication or digital storage devices or media under his control – to search and seizure at any time of the day or night by any law enforcement officer or Probation Officer, with or without a warrant, probable cause, or reasonable suspicion.

10. The defendant shall report to the United States Probation & Pretrial Services Office within 72 hours of his release from custody.

11. The defendant shall not possess, have under the defendant's control, or have access to any firearm, explosive device, or other dangerous weapon, as defined by federal, state, or local law.

USA vs.  DON R. MORRIS                    Docket No.:    SA CR 24-00001-DOC *SEALED**

12. The defendant shall participate for a period of 6 months in a home detention program which may include electronic monitoring, GPS, or voice recognition and shall observe all rules of such program, as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment. Defendant is permitted during home detention to attend medical treatment appointments of his wife Y.M. and daughter S.M.

13. The defendant shall pay the costs of home confinement monitoring to the contract vendor, not to exceed the sum of $12.00 for each day of participation. The defendant shall provide payment and proof of payment as directed by the Probation Office.

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

Bond is exonerated.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

October 28, 2025
Date

*David O. Carter*
Hon. David O. Carter, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

October 28, 2025
Filed Date

By   Karlen Dubon
Deputy Clerk

USA vs.   DON R. MORRIS            Docket No.:    SA CR 24-00001-DOC *SEALED**

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.  DON R. MORRIS                                    Docket No.:  SA CR 24-00001-DOC *SEALED**

☐  The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

CR-104 (docx 12/20)              **JUDGMENT & PROBATION/COMMITMENT ORDER**              Page 5 of 6

USA vs.   DON R. MORRIS                          Docket No.:   SA CR 24-00001-DOC *SEALED**

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____    to   _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____    to   _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____          _____
Date                                                              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____          _____
Filed Date                                                       Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
            Defendant                                                     Date

_____          _____
U. S. Probation Officer/Designated Witness              Date

---